## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK S. LUBUS | : |
|     Plaintiff | :    Civil Action No.: |
| | : |
| v. | : |
| | : |
| TOWN OF REDDING | :    February 9, 2021 |

## NOTICE OF REMOVAL

To the United States District Court for the District of Connecticut:

PLEASE TAKE NOTICE that Defendant, Town of Redding, respectfully removes this action from the Superior Court of the State of Connecticut Judicial District of Danbury at Danbury to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1441, and as grounds therefore states as follows:

1.    Plaintiff has commenced an action against the Defendant in the Connecticut Superior Court for the Judicial District of Danbury at Danbury (the "Superior Court"), by service of a Summons and Complaint dated January 4, 2021. The Plaintiff served by State Marshal a copy of the Summons and Complaint upon the municipal defendant on or about January 21, 2021, and returned it to the Superior Court on February 5, 2021. The case was assigned Case No.: DBD-CV21-6038445-S in the records and files of that Court ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), the Defendant hereby attaches the Summons and Complaint hereto as Exhibit A.

2. The State Court Action was originally marked as returnable to the Superior Court on February 2, 2021, but Plaintiff apparently crossed through that date and substituted February 9, 2021 after making service on Defendant.[1]

3. The State Court Action is a suit of a wholly civil nature of which the United States District Court for the District of Connecticut has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff alleges a violation of the Family and Medical Leave Act, 29 U.S.C. § 2612 et seq. This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441.

4. Attached hereto in compliance with 28 U.S.C. § 1446(a), are complete and accurate copies of the process and pleadings received by the Defendant to date.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of the date of service of process on Defendant.

6. Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court, pursuant to 28 U.S.C. § 1446(d).

---

[1] Both Plaintiff's service on Defendant and return of the Summons and Complaint to the Superior Court appear to have been untimely pursuant to Conn. Gen. Stat. §§ 52-46 and 52-46a. In filing this Notice of Removal, Defendant does not waive, and instead expressly reserves, its right to contest Plaintiff's Complaint on these and other grounds.

WHEREFORE, Defendant respectfully requests that this action be removed from the Connecticut Superior Court, Judicial District of Danbury at Danbury to the United States District Court for the District of Connecticut.

        Respectfully submitted,

        Attorneys for Defendant
        TOWN OF REDDING

        /s/ Johanna G. Zelman
        Johanna G. Zelman
        FordHarrison, LLP
        CityPlace II
        185 Asylum Street, Suite 610
        Hartford, CT 06103
        Tel #:   860-740-1361
        Fax #:  860-578-2075
        Juris No.:  426943

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record via the United States Postal Service, First Class Mail, postage prepaid or email, this 9th day of February, 2021 to:

Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
mparadisi@cichielloesq.com
*Attorney for the Plaintiff*

    /s/ Johanna G. Zelman
Johanna G. Zelman

WSACTIVELLP:12019404.1

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 146 White Street, Danbury, CT 06810 | ( 203 ) 207-8600 | FEBRUARY 9, 2021 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☒ Judicial District    ☐ G.A. Number: ☐ Housing Session | Danbury | Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to)
mparadisi@cicchielloesq.com; and
dmclean@cicchielloesq.com

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: LUBUS, MARK S.  Address: 135 Curtis Road, Bridgewater, CT 06752 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: TOWN OF REDDING  Address: 100 HILL ROAD, REDDING, CT 06875 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Matthew D. Paradisi | Date signed  01/04/2021 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: FEBRUARY 9, 2021 | SUPERIOR COURT |
| MARK S. LUBUS | J.D. OF DANBURY |
| VS. | AT DANBURY |
| TOWN OF REDDING | JANUARY 4, 2021 |

## COMPLAINT

1. The Plaintiff in this matter, Mark S. Lubus ("Plaintiff"), was at all times relevant to this Action a resident of Redding, Connecticut.

2. The Defendant, Town of Redding ("Defendant"), is a municipality of the state of Connecticut, located at 100 Hill Road, Redding, Connecticut.

3. Plaintiff commenced employment with Defendant on or about September 3, 2007 in the position of Assistant Building Official.

4. Plaintiff is licensed to conduct building inspections, and did so on behalf of Defedant, in addition to answering phones in Defendant's building department, assisting with permit procurement, answering phones, and responding to emails concerning the building, permitting, and certificate of occupancy process within the Town of Redding.

5. At all times relevant, Plaintiff performed his job responsibilities at or above satisfactory levels, and was a good employee, as evidenced by a distinct lack of discipline and the long tenure of his employment.

6. On or about July 9, 2019, Defendant Town of Redding published an official notice on the Town of Redding website, announcing the following:

> "Lights for Liberty" July 12, 2019
>
> On July 12th, Lights for Liberty will help to shine a light on the horrific conditions in human detention camps in the United States. The global Vigil will bring thousands of people to locations worldwide as well as to concentration

>camps across the country, into the streets and into their own front yards, to protest the inhumane conditions faced by migrants." People will gather at the Redding Town Green on July 12th at 7:30 pm to listen to community leaders, immigration experts, and medical and legal professionals. We will stand together in solidarity and leave empowered with an understanding of what is at stake, and actions that can affect change. At 9:00om local time a silent sea of candles will light up the town gren, and the nation.

7. Plaintiff, whose ancestors had been personally subjected to Nazi concentration camps during the course of World War II, objected to the Town of Redding's characterization of immigrant detention centers in the United States as "concentration camps", and was deeply offended by the same.

8. Immediately upon viewing the foregoing announcement, Plaintiff, in his capacity as a public citizen, approached First Selectwoman Julia Pemberton, to express his political opinion and protest the Town's characterization of immigrant detention camps as "concentration camps", and to convey that the same was deeply offensive on account of his ancestry. During the course of the ensuing conversation, Plaintiff conveyed that the post was anti-Semitic, and further requested that the post be removed. This initial encounter ended with Plaintiff conveying that the post should be taken down, and that the term "concentration camps" shouldn't be used lightly or without merit.

9. Plaintiff then left the municipal building in which Pemberton was located, crossed the street, whereupon Pemberton followed Plaintiff, and confronted him for having lodged the complaint set forth in the preceding paragraph. During the course of the ensuing confrontation, Pemberton conveyed to Plaintiff, in words or substance, that as an employee of the Town, Plaintiff did not have the right to question the content which

the town website publishes. Plaintiff then attempted to initiate a further discussion about how the subject post was offensive. Rather than engage in any meaningful dialogue on the topic, Pemberton immediately advised Plaintiff that he was being suspended and placed on an involuntary leave.

10. Defendant subsequently rescinded the decision to place Plaintiff on involuntarily leave, and Plaintiff resumed work.

11. On or about July 10, 2019, Plaintiff applied for intermittent FMLA to provide care for his ill father, who lives with Plaintiff. Such leave was certified by Plaintiff's father's physician, and was subsequently approved.

12. On Friday, July 12, 2019, the Town of Redding announced a "clarification" concerning its prior announcement related to the Lights for Liberty event it was hosting. Specifically, and at Pemberton's direction, the announcement advised, "This post is to clarify that the 'Lights for Liberty' event being held on the Town Green tonight was organized by individual residents of Redding. It is NOT a town-sponsored event."

13. On or about September 26, 2019, Pemberton, on behalf of Defendant, issued Plaintiff a discipline based on the events which had transpired on July 9, 2019, characterizing P as "behaving belligerently towards a supervisor (the First Selectman) both verbally and physically, and ...refusing to cease such behavior upon being told to do so[.]" Pemberton further characterized Plaintiff's protest as "insubordinate and []inconsistent with the conduct expected of an employee of the Town of Redding."

14. In response, and on or about October 9, 2019, Plaintiff forwarded Defendant a letter to be placed into his personnel file, wherein he conveyed, *inter alia*, that the discipline was in violation of C.G.S. 31-51Q, and wherein he recounted the fact that he

addressed Ms. Pemberton about the content of the News and Announcment web page concerning the "concentration camps" comment, and expressed that he felt it was anti-semitic. Plaintiff further clarified that at no time during the subject exchange did he use inappropriate language, threats, abusive language, body posturing, physical contact or gestures.

15. Between July 2019 and mid-March 2020, Plaintiff made frequent use of his approved intermittent FMLA in order to care for and attend to his father's medical situation.

16. Defendant, however, expressed dissatisfaction with Plaintiff's need to utilize such leave, and treated him disparately as compared with his similarly-situated peers.

17. For instance, other Defendant employees needs to utilize personal time off or other forms of leave were permitted to take as small of a leave increment as was necessitated by such employee's circumstances, whereas Defendant forced Plaintiff to, on occasion, take an entire half day or full day, and necessarily forego pay for that period of time, rather than permit Plaintiff to utilize smaller increments of leave when the situation warranted.

18. In or about mid-March, 2020, Defendant's building department office shut down on account of the COVID-19 pandemic.

19. In or about May 2020, the Defendant Town of Redding approved its annual budget, allocating approximately the same amount of money to the building office, inclusive of Plaintiff's salary.

20. In or about June 2020, Plaintiff returned to work following the period of COVID-related shut down.

21. Approximately one month later, and on or about July 8, 2020, Defendant terminated Plaintiff's employment based on a purported reorganization of various positions.

22. Concurrently with his termination, Defendant informed Plaintiff that his position had been eliminated on account of budget concerns. This was false, in that the Defendant Town of Redding had recently approved a virtually identical budget for the upcoming fiscal year, and such budget had specifically allocated an amount for Plaintiff's entire salary.

23. Moreover, Plaintiff's position as building inspector is necessary, as Defendant cannot accept or approve building permit applications, certificates of occupancy, or perform other related functions without an individual to perform inspections and otherwise attend to the needs of the building department.

24. Finally, and virtually immediately after Plaintiff's termination, and upon information and belief, Defendant contacted another former *per diem* inspector to assume Plaintiff's anticipated inspections and other work.

25. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory and retaliatory intent.

**COUNT ONE:     FMLA RETALIATION – 29 U.S.C. § 2612 ET SEQ.**

26. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

27. Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

28. Plaintiff was an eligible employee within the meaning of the FMLA.

29. Defendant was aware that Plaintiff's father's medical condition(s) constituted a "serious medical condition" within the meaning of the FMLA.

30. Defendant retaliated against Plaintiff and subjected him to adverse action motivated by his exercise of rights under the FMLA.

31. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:       RETALIATION IN VIOLATION OF C.G.S. § 31-51q**

32. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

33. Plaintiff engaged in protected activity when speaking on matters of public concern pursuant to his Constitutional rights.

34. Defendant retaliated against Plaintiff and subjected Plaintiff to adverse employment action on account of such protected activity.

35. Plaintiff's exercise of rights did not substantially or materially interfere with Plaintiff's bona fide job performance or the working relationship between Plaintiff and Defendant.

36. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages pursuant to C.G.S. § 31-51q;

4. Liquidated damages pursuant to the FMLA;

5. Attorneys' fees and costs of this Action; and

6. All other awardable relief.

<div style="margin-left: 50%">

PLAINTIFF,
MARK S. LUBUS

BY: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mparadisi@cicchielloesq.com

</div>

| | |
|---|---|
| RETURN DATE: FEBRUARY 9, 2021 | SUPERIOR COURT |
| MARK S. LUBUS | J.D. OF DANBURY |
| VS. | AT DANBURY |
| TOWN OF REDDING | JANUARY 4, 2021 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

```
                                PLAINTIFF,
                                MARK S. LUBUS

                         BY: _____
                                Matthew D. Paradisi
                                Cicchiello & Cicchiello, LLP
                                364 Franklin Avenue
                                Hartford, CT 06114
                                Phone: 860-296-3457
                                Fax: 860-296-0676
                                Email: mparadisi@cicchielloesq.com
```